Rannet, J.
The plaintiff relied upon three grounds for a new trial, and now assigns the qverruling of them as sufficient to reverse the judgment, viz: 1. The plaintiff was surprised by the testimony of Bernard Pompilly; 2. The court erred in the charge to the jury; and, 3. The court erred in not permitting the jury to take with them, when they retired to consider of their verdict, certain depositions that had been read in evidence. The case, although important *to the parties, presents very little 'of sufficient interest to the profession to justify an extended report. We have' carefully considered the errors assigned, and are of opinion that neither of them requires us to disturb the judgment of the court below.
1. Pompilly had testified twice before in the case, and upon this, trial stated certain matters, supposed to be material to the issue, that he had not before mentioned, alleging as the reason that he had not before been asked the question; and this constituted the ground of surprise for which a new trial was asked. Surprise upon a party, not arising from his own negligence, will constitute a good ground for a new trial, when it has resulted in clear and unquestionable injury to him. The cases cited by plaintiff’s counsel fully prove this to be the doctrine, and most of them present very *513 proper circumstances for its application. But the bill of exceptions in this ease does not profess to set out all the evidence; how, then, is it possible for us to say that the other evidence in this case, if Pompilly’s testimony had been altogether rejected, did not fully justify the'verdict that was rendered? If it did, most clearly it should not have been disturbed., *■
New trials are granted to subserve the purposes of substantial justice, and not for technical reasons, when that has been attained. But, aside from this, the plaintiff was deprived of no evidence she offered, and the defendant gave none that he had not before used, except some additional statements made by a single witness. A little observation will teach any one how very frequently this occurs, especially in cases where the witnesses are very numerous; sometimes, honestly, from forgetfulness or inadvertence before, and sometimes manufactured to serve the interests of a party. "Without saying that it can never lay the ground for a new trial, it is evident unless new trials are to be granted in almost every strongly litigated case, that the statement must have constituted the turning point in the case, without which the party moving would have been entitled to the verdict, *to justify the court before which the trial takes place, in setting it aside; much less would it otherwise furnish justification to a reviewing court, not in pQssession of all the facts and circumstances attending the trial, in reversing the judgment of a court that was moved to grant a new trial, and in the exercise of a sound discretion had refused to interfere.
2. Several objections of minor importance are taken to the charge of the court. The charge was in writing, and is spread out in full upon the record. We have carefully examined it, and think it left the whole case upon the facts fairly to the jury, and, without going into detail, it is sufficient to say that it meets our entire approval.
3. Certain depositions that were read in evidence, were not permitted to be taken by the jury upon their retirement. This presents a question of some practical importance.
Whether it is not purely a question of practice, within the discretion of the court, as can not be reviewed on error, it is not necessary now to determine, but we assume that it may be. By the English practice, it is well known, depositions are never sent to the jury. A different practice, so far as we are advised, has generally prevailed in this state, and we think with better reason.
Having possession of the depositions enables the jury to refresh *514 itheir recollection of the testimony without the least danger of being misled, and at once settles all difference among them as to what the testimony actually was, so far as it may be contained in depositions.
But these advantages may, in some cases, be more than counterbalanced by evils and inconveniences; and when they are, such cases should be made exceptions to the general rule. The reason of the refusal in this case is not stated; and when it is not, we are at liberty to assume any state of case that might have justified the action of the court. We will assume it to have been what one member of this court knows it was—that parts of the depositions, incapable of separation from the balance without mutilation, contained incompetent evidence, which was ruled out by the court. In *sueh case, it would be plainly improper to send the rejected evidence, where it might be perused by the jury; and plainly impossible, consistent with the right of the party, to except to the opinion of the court for ruling it out, or upon a motion for a new trial, to send the balance without it. The court were right, therefore, in the exercise of a sound discretion, in requiring the jury to recollect such parts of the testimony contained in the depositions, ■as were permitted to be given in evidence, as they were obliged to recollect that given by witnesses upon the stand.
The judgment must be affirmed.